IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. TURCO, | ) |
| | ) |
| Plaintiff, | )  2:19-CV-00174-CCW |
| | ) |
| vs. | ) |
| | ) |
| ZAMBELLI FIREWORKS MANUFACTURING CO., | ) |
| | ) |
| Defendant. | ) |

**AMENDED FINAL PRETRIAL ORDER**

AND NOW, this 29th day of December, 2020, and light of the parties' Consent Motion to Extend Time, ECF No. 50, the Court HEREBY ORDERS as follows:

**Final Pretrial Orders**

1. **Jury Selection and Trial**. On October 30, 2020, Chief Judge Hornak entered an administrative order that delays all jury trials through February 8, 2021. The pretrial conference, jury selection and trial in this case will be set by further Order. It is the Court's intention to have this case fully prepared for trial, such that it can be set for trial at the earliest date and time available following resumption of civil jury trials.

2. **Pretrial Conference**. A final pretrial conference will be set by further Order.

3. **Exchange of Witness Lists and Exhibits**.

    a. The witnesses identified in the parties' Pretrial Narrative Statements shall constitute the list of witnesses permitted to be called, other than for purely impeachment

purposes. To the extent that any party seeks to amend its witness list, an appropriate motion shall be filed by **December 15, 2020**.

      b.      On or before **February 4, 2021,** counsel shall file on CM/ECF a Joint Exhibit List Chart (with columns) setting forth all plaintiff and defendant trial exhibits, by exhibit number, date, author, type of document, objection as to authenticity (if any) with response, and objection as to admissibility with response. The parties must meet and confer in a meaningful way to resolve any objections prior to submitting the Joint Exhibit List Chart. The exhibits themselves should not be filed on CM/ECF. Rather, an electronic copy of all exhibits shall be emailed to chambers at Wiegand_Chambers@pawd.uscourts.gov or hand-delivered to chambers on a thumb drive, at the time the Exhibit List is filed.

      c.      Counsel will be jointly responsible for preparing and providing a Jurors' Exhibit Binder at the close of trial.

      d.      Voluminous data must be presented by summary exhibits pursuant to Fed. R. Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel). If copies of documents are offered, the originals shall be available for examination, unless waived by stipulation.

4.      **Designation of Discovery Excerpts to be Offered at Trial**. On or before **February 4, 2021,** the parties shall submit a designation of excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial (other than for impeachment). Objections to the admissibility of any portion of a designation shall be set forth in a motion *in limine*.

5. **Motions**. On or before **February 4, 2021,** the parties shall file all *Daubert* motions and motions *in limine*, including motions under Fed. R. Evid. 104(a) and motions to limit or sever issues, together with proposed orders and supporting briefs. Responses shall be filed on or before **February 18, 2021**. Briefs supporting or opposing such motions are limited to five pages. Prior to filing any motion, the moving party must meet and confer with the non-moving party in a good-faith effort to resolve the dispute, and if the dispute is not resolved, file a certificate of conferral in compliance with Local Rule 16.1.C.4. A hearing date on any *Daubert* motion may be ordered separately should such a motion be filed.

6. **Proposed Jury Instructions**. Counsel shall meet to agree on a joint verdict slip and a joint set of proposed substantive jury instructions regarding Plaintiff's claims and their elements, any defenses and their elements, and any evidentiary or other matters particular or unique to this case. Included in these instructions should be a single one or two paragraph joint instruction, which describes the facts of the case and the law in a high-level summary fashion. This instruction will be given to the jury before openings. After conferring, and on or before **February 18, 2021,** counsel shall file one combined set of proposed instructions, and email the instructions in Word format to Wiegand_Chambers@pawd.uscourts.gov. The combined set of instructions shall include both the agreed-upon instructions and the instructions to which the parties have not agreed. Each agreed-upon instruction shall include the following statement at the bottom of each instruction: "This proposed instruction is agreed-upon by the parties." Each instruction to which the parties have not agreed, shall state which party is advancing it, along with the legal authority relied upon by each party in support of and in opposition to each such instruction. Proposed instructions by different parties shall be grouped together.

The Court generally rules on party-proposed jury instructions at or before the Final Pretrial Conference.

7. **Proposed Verdict Slip**. A joint proposed verdict slip shall be filed on or before **February 18, 2021.** If the parties, after conferring in good faith, cannot agree on a joint verdict slip, the parties shall submit their respective proposed verdict slips on or before **February 18, 2021.** As with proposed jury instructions, the Court generally rules on the verdict slip at or before the Final Pretrial Conference.

8. **Proposed Voir Dire**. Counsel may be permitted to supplement the standard questions, provided that the proposed supplemental voir dire questions are filed with the Court on or before **February 18, 2021.**

9. **Joint Stipulations**. The parties shall file joint stipulations on or before **February 18, 2021.** All possible stipulations shall be made as to: (i) facts; (ii) issues to be decided; (iii) the authenticity and admissibility of exhibits; (iv) expert qualifications and reports; (v) deposition testimony to be read into the record; (vi) a brief statement of the claims and defenses to be read to the jury during voir dire and to introduce the trial; and (vii) exhibits or other demonstratives to be used in opening statements.

### Trial Procedure

11. **Hours**. Unless otherwise ordered, court will be in trial session Monday through Friday, 9:00 a.m. to 4:30 pm, with appropriate breaks.

12. **Exhibits**. Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it will not be necessary during the trial to show exhibits to opposing counsel before using them.

13.     **Opening and Closing Statements**. The Court will typically allow up to 30 minutes for opening and closing statements, depending on the complexity of the case. Counsel may use exhibits, PowerPoint presentations, or other demonstratives in openings and closings, provided that they have been provided to opposing counsel beforehand and either agreement was reached regarding the use of those materials or the Court has ruled on the matter.

14.     **Side Bars**. It is important to be considerate of the jurors' time. Side bars are disfavored because they waste the jury's time and unduly extend the length of the trial. Counsel will meet with the Court at 8:30 a.m. each day (or earlier if necessary to ensure that the trial day begins on time) to raise any issues that may necessitate a side bar conference. Failure to raise the issue at that time will generally result in a disposition of the in-court objection in open court.

In addition, the Court expects that counsel will anticipate evidentiary issues requiring lengthy argument and will take up such matters out of the jury's presence. The Court will be available at 8:30 am each morning to address such issues. It is counsel's responsibility to notify other counsel of the need for such a conference at 8:30 am, and all other counsel will be expected to be present at the appointed time for argument. The Court will not delay the proceedings to respond to last minute requests for conferences to discuss matters that, in the exercise of reasonable diligence, could have been heard at the morning conference.

15.     **Witness List**: Before the beginning of trial, counsel shall provide opposing counsel with a complete witness list. In addition, throughout the trial, counsel for each side shall provide opposing counsel with the actual list of the next day's witnesses, by 5:00 p.m., in the order that the witnesses are expected to be called. Counsel shall ensure that that they have adequate witnesses to fill the allotted time each day.

16. **Note Taking**. The jury will be permitted to take notes.

17. **Jury Questions**. All written questions submitted by the jury are supplied to counsel. Counsel and the Court will meet to discuss and agree on a reply. In most cases, the jury is then summoned to the Courtroom and the oral reply is provided to them. A written reply is provided when appropriate.

18. **Jury Instructions**. A copy of the jury instructions will be provided to the jury to use during its deliberations.

19. **Jury Access to Exhibits**. Generally, the jury will be provided with all admitted exhibits to use during its deliberations.

20. **Use of Technology**. The parties are required to use trial presentation technology, courtroom technology, and trial exhibit summaries pursuant to Fed. R. Evid. 1006, to the fullest extent possible.

21. **Other Procedures**. The parties are directed to the Court's Chambers Practices and Procedures, which are available on the Court's website, for additional pretrial and trial procedures.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

Cc: All Counsel of Record via ECF