IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. TURCO, | ) |
| | ) |
| | ) 2:19-CV-00174-CCW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ZAMBELLI FIREWORKS MANUFACTURING CO., | ) |
| | ) |
| Defendant. | ) |

### **MEMORANDUM ORDER ON PRETRIAL MOTIONS IN LIMINE**

Pending before the Court are two pretrial motions in limine, one filed by Plaintiff Robert Turco, and the other filed by Defendant Zambelli Fireworks Manufacturing Co. *See* ECF Nos. 54 and 56. For the reasons stated below, the Court resolves the parties' Motions as follows:

- Defendant's Motion in Limine to Exclude Lay Opinion Testimony on Ultimate Issues to Be Decided by the Jury, ECF No. 54, is GRANTED.

- Plaintiff's Motion in Limine to Preclude Testimonial Evidence of Plaintiff's Purported Historically Negative Performance and/or Low Profit Margin Numbers, ECF No. 56, is DENIED.

**I.    Discussion**

"[A] motion in limine is a pretrial motion which requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." *Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 246 (W.D. Pa. 2012). A trial court has discretion arising from its "inherent authority to manage the course of trials" to rule on such motions. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). That said, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds" to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *Johnstown*

*Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, 2019 U.S. Dist. LEXIS 131234, at *7 (W.D. Pa. Aug. 6, 2019) (internal citation omitted).

### A. Defendant's Motion in Limine to Exclude Lay Opinion Testimony on Ultimate Issues to Be Decided by the Jury, ECF No. 54, is GRANTED

Defendant's Motion seeks "to exclude lay opinion testimony on ultimate issues to be decided by the jury," specifically highlighting testimony from Mr. Ed Meyer, one Zambelli's owners. *See* ECF No. 55 at 1–2. Defendant argues that lay opinion testimony regarding (1) the reasonableness of Mr. Turco's requested accommodation (an office with a window) and (2) whether Defendant could have reasonably accommodated that request—both of which are ultimate issues Plaintiff must prove at trial, *see Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017)—should be excluded under Federal Rule of Evidence 701(b), as "it is not helpful to clearly understanding the witness's testimony or to determining a fact in issue." *See* ECF No. 55 at 2–3.

Under Rule 701 a lay witness may provide testimony in the form of an opinion, but such opinions are limited to those that are: (1) rationally based on the witness's perception; (2) helpful to clearly understand the witness's testimony or to determine a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge. Rule 701 is meant "to exclude lay opinion testimony that 'amounts to little more than choosing up sides, or merely tells the jury what result to reach.'" *U.S. v. Diaz*, 951 F.3d 148, 156–57 (3d Cir. 2020) (internal citation omitted); *see also U.S. v. Fulton*, 837 F.3d 281, 293 (3d Cir. 2016) (stating that a lay witness's opinion is helpful when "it aids or clarifies an issue that the jury would not otherwise be as competent to understand," such that the witness is in a better position than the jurors to form an opinion or make an inference).

Here, Mr. Meyer's opinion testimony (or the opinion testimony of any other lay witness) about the reasonableness of Plaintiff's requested accommodation and Defendant's response to him will be excluded because it is not "helpful" to the jury. A jury can determine for itself from factual

2

evidence presented at trial—such as the number of offices with windows in Defendant's new building—whether the requested accommodation and Defendant's response were reasonable. *See Fulton,* 837 F.3d at 292 (finding that "where a witness is not in a better position than the jurors to form an opinion or make an inference, the witness's opinion is inadmissible under Rule 701(b)."). Therefore, Defendant's Motion is GRANTED.

> **B. Plaintiff's Motion to Preclude Testimonial Evidence of Plaintiff's Purported Historically Negative Performance and/or Low Profit Margin Numbers, ECF No. 56, is DENIED**

Plaintiff's Motion, on the other hand, seeks to preclude testimonial evidence of his "purported historically negative performance, including his low rank among his co-workers in the company regarding profit margins on his shows and any other alleged negative performance issues or traits" prior to Mr. Tom Bametzrieder becoming President of Zambelli. ECF No. 57 at 1. Plaintiff argues such testimony is irrelevant, unfairly prejudicial, and impermissible character evidence. *See* ECF No. 57 at 1–2 (citing Fed. R. Evid. 401, 403, 404).

Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The United States Court of Appeals for the Third Circuit has explained that:

> [R]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Because the rule makes evidence relevant if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has *no* tendency to prove the fact.

*UPMC v. CBIZ, Inc.*, 2021 U.S. Dist. LEXIS 59826, at *4 (W.D. Pa. Mar. 29, 2021) (quoting *Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992)). Thus, Rule 401 "does not set a high standard for admissibility." *Id.* at *3–4. Here, evidence of Plaintiff's historical negative

performance and/or low profit margin numbers is at least relevant to Defendant's asserted non-discriminatory reason for terminating Plaintiff's employment.  *See* ECF No. 61 at 2.  Indeed, and as Plaintiff implicitly acknowledges in his Motion, Plaintiff has at most identified certain potential—but curable—relevancy problems, such as whether Mr. Bametzrider had personal knowledge of Plaintiff's historical job performance before initiating corrective actions and, ultimately, terminating him.  *See* ECF No. 56 at ¶ 3.  Thus, testimonial evidence of Plaintiff's historical job performance cannot be excluded as irrelevant.

Next, under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  This requires the trial judge to balance "both the probative value of, and the need for, the relevant evidence against the harm that will likely arise from admitting the evidence," where the need for the evidence at issue is determined by considering "its relative importance and centrality to the issues of the case" and the availability of other evidence that could establish the same facts.  *U.S. v. Crawford*, 376 Fed.Appx. 185, 188–89 (3d Cir. 2010).  Here, Plaintiff has not demonstrated that the evidence's potential for unfair prejudice *substantially* outweighs its probative value, especially because the evidence is central to issues in the case, including whether Defendant's asserted non-discriminatory reason for terminating Plaintiff was pretextual.  *See Crawford*, 376 Fed.Appx. at 188–89; *see also* ECF No. 57 at 3–4.  Therefore, precluding such evidence on the basis of unfair prejudice is not warranted.

Finally, under Rule 404(a), "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait," because it "tends to distract the trier of fact from the main question of what actually

4

happened on the particular occasion" and its prejudicial nature outweighs any probative value it may have. *U.S. v. Caldwell*, 760 F.3d 267, 284 (3d Cir 2014). Rule 404(b)(1) further provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Here, the evidence targeted by Plaintiff's Motion does not go to whether *Plaintiff* acted in accordance with a particular trait on a particular occasion but to *Defendant's* asserted non-discriminatory reason for terminating Plaintiff. *See Branning v. Wayne Cty.*, 3:15-CV-1936, 2018 U.S. Dist. LEXIS 73606, at *11–12 (M.D. Pa. May 1, 2018). And, as discussed above, evidence of Plaintiff's historical performance is (1) relevant to Defendant's asserted non-discriminatory reason for terminating him and (2) its probative value is not substantially outweighed by the danger of unfair prejudice. Therefore, Rule 404 does not require exclusion of evidence of Plaintiff's historical job performance.

In sum, Plaintiff has not demonstrated that testimonial evidence of his alleged historically negative performance and low profit margins is clearly inadmissible on all grounds. His Motion therefore is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of August, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record