IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. TURCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:19-cv-00174-CCW |
| v. | ) |
| | ) |
| ZAMBELLI FIREWORKS | ) |
| MANUFACTURING CO., | ) |
| | ) |
| Defendant. | ) |

### VERDICT SLIP[1]

1.      Did Defendant, Zambelli Fireworks Manufacturing Co. (hereinafter "Zambelli"), fail to reasonably accommodate Plaintiff, Robert J. Turco (hereinafter "Mr. Turco"), for his disability of claustrophobia by denying his request for an office with a window at Zambelli's new headquarters?

    _____YES                                      _____NO

**If you answered "Yes" to Question 1, please proceed and answer Question 2. If you answered "No" to Question 1, do not answer Question 2, but please proceed and answer Question 3.**

---

[1] Where the parties' proposed verdict slips were different, the Court has noted how it resolved any such difference (i.e. by adopting one party's proposal, combining the parties' proposals, etc.). Any such annotations to the verdict slip are for the parties' benefit and will not be provided to the jury.

2. What are Mr. Turco's total compensatory damages, including emotional distress, embarrassment, pain, suffering, and/or humiliation (excluding back and front pay), for Zambelli's failure to reasonably accommodate Mr. Turco for his disability by denying his request for an office with a window?

$ _____

**Once you have completed Question 2, please proceed and complete Question 3.**

3. Was Mr. Turco's disability a determinative factor in Zambelli's decision to terminate Mr. Turco?[2]

_____ YES                _____ NO

**If you answered "Yes" or "No" to Question 3, please proceed and complete Question 4.**

---

[2] The Court finds Plaintiff's Proposed Verdict Slip Question No. 3 more closely tracks the relevant language in 3d Cir. Model Civil Jury Instruction 9.1.2.

      4.      Did Zambelli discriminate against Mr. Turco by terminating his employment in retaliation for his requests to Zambelli to accommodate his claustrophobia?[3]

      _____YES               _____NO

**If you answered "Yes" or "No" to Question 4, please proceed and complete Question 5.**

      5.      Did Zambelli discriminate against Mr. Turco by terminating his employment in retaliation for his complaint to Zambelli that it discriminated against him by denying Mr. Turco's requests for an accommodation?[4]

      _____YES               _____NO

**If you answered "Yes" to either Question 3, 4 or 5, please proceed and complete Questions 6-8. If you answered "No" to each of Questions 3, 4, and 5, please stop and notify the Court.**

---

[3] The Court finds that this modified combination of Defendant's and Plaintiff's Proposed Verdict Slip Question No. 4 more accurately tracks 3d Cir. Model Civil Jury Instruction 9.1.7 as modified by the parties.

[4] The Court finds that this modified combination of Defendant's and Plaintiff's Proposed Verdict Slip Question No. 5 more accurately tracks 3d Cir. Model Civil Jury Instruction 9.1.7 as modified by the parties.

6.  What are Mr. Turco's total compensatory damages, including emotional distress, embarrassment, pain, suffering, and/or humiliation (excluding back and front pay), as a result of Zambelli terminating his employment because of his disability and/or in retaliation for the actions as described above?

$_____

7.  What are the total back pay losses Mr. Turco sustained as a result of Zambelli terminating his employment because of his disability and/or in retaliation for the actions as described above?

$_____

8.  What are the total front pay losses Mr. Turco sustained as a result of Zambelli terminating his employment because of his disability and/or in retaliation for the actions as described above?

$_____

5

SO SAID BY ALL.

Dated: _____

Signed by all jurors:

_____          _____
Jury Foreperson

_____          _____

_____          _____