IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. TURCO, | ) |
| Plaintiff, | ) Civil Action No. 2:19-cv-00174 |
| v. | ) Hon. Christy Criswell Wiegand |
| ZAMBELLI FIREWORKS MANUFACTURING CO., | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant, Zambelli Fireworks Manufacturing Co. ("Zambelli" or "Defendant"), through its attorneys, Metz Lewis Brodman Must O'Keefe, LLC, hereby moves this Honorable Court pursuant to Rule 50(a) of the Federal Rules of Civil Procedure for judgment as a matter of law on Plaintiff, Robert J. Turco's ("Turco" or "Plaintiff"), claims of employment discrimination in violation of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

I.  **INTRODUCTION**

Turco claims that Zambelli violated the ADA and PHRA. In support of this claim, he alleges that Zambelli (1) failed to accommodate his disability by denying his request for an office with a window at Zambelli's new offices to accommodate his claustrophobia; (2) terminating his employment because of his disability; and (3) terminating his employment in retaliation for his request for an accommodation. Turco has been heard on the issues relevant to his claims and there is no legally sufficient evidentiary basis for a reasonable jury to find liability on the part of Zambelli on any of Turco's claims. Given that Turco has failed to satisfy the substantive burdens

imposed upon him, judgment should be entered for Zambelli as a matter of law. *See*, Fed. R. Civ. P. 50(a).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 50(a) allows a part to move for judgment as a matter of law any time after a party has been fully heard on an issue and "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). A Rule 50(a) motion should be granted when "there is insufficient evidence from which a jury could reasonably find [for the non-movant]." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). While "judgment as a matter of law should be granted sparingly, federal courts **do not** follow the rule that a scintilla of evidence is enough for the Court to deny the motion." *Johnson v. Nicholson*, Case No. 06-4316, 2009 WL 2180352, * 2 (E.D. Pa. July 20, 2009) (emphasis added) (citation omitted). "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Foster v. National Fuel Gas Co.*, 316 F.3d 424, 428 (3d Cir. 2003) (citations and quotations omitted).

It is the jury's role to decide issues of credibility, however, "a jury may not reject testimony [from a disinterested witnesses] that is uncontradicted and unimpeached[.]" *Quintana-Ruiz v. Hyundai Motor Corp.*, 303 F.3d 62, 75-76 (1st Cir. 2002) (citations and quotations omitted); *see also*, *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2110 (2000) (recognizing that "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidences comes from a disinterested witness'") (citation omitted). Lastly, because Pennsylvania courts interpret the PHRA in accordance with its federal counterpart, i.e. the ADA, and because

2

Turco has not alleged any unique state law matter with regard to his PHRA claims, his PHRA claims should be treated as coextensive for purposes of this motion. *See e.g., Tierney v. Geisinger System Services*, Case No. 20-3327, 2021 WL 3137950, *1 (3d Cir. July 26, 2021) (citation omitted).

**III.   ARGUMENT**

    **A.   Turco has not Demonstrated that Zambelli Failed to Accommodate his Disability.**[1]

An employer discriminates against a qualified individual when it does "not mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42. U.S.C. § 12112(b)(5)(A). "Reasonable accommodations" can include "making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and []job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9).

To succeed under "an ADA failure-to-accommodate claim [a plaintiff] must establish: "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d 2017).

---

[11] Section III (A) addresses Counts III and VI of Plaintiff's First Amended Complaint. *See*, Dkt. 21, ¶¶ 52-57; ¶¶ 66-71.

3

      1.    *Turco has Rested His Case and Has Failed to Present a Sufficient Evidentiary Basis to Establish Zambelli did Not Make a Good Faith Effort to Accommodate his Claustrophobia*.

The case law instructs that "reasonable accommodation" "includes the employer's reasonable efforts to assist the employee in good faith under what has been termed a duty to engage in the 'interactive process.'" *Reyer v. Saint Francis Country House*, 243 F.Supp.3d 573, 595 (E.D. Pa. 2017). "Once an accommodation is requested, the employer is required to engage in the interactive process during which the employer and employee identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome them." *Id*.

First, Turco himself failed to engage in the interactive process in good faith. The law is clear: "**both parties** have a duty to assist in the search for appropriate reasonable accommodation and to act in good faith." *Mengine v. Runyon*, 114 F.3d 415, 420 (3d Cir. 1997) (emphasis added). In his case in chief, Turco presented evidence sufficient to establish – only – that he asked Mr. Bametzrieder for a window at Zambelli's new office. The record is also clear that Turco only disclosed he suffered from claustrophobia to a few, select individuals. He openly admitted he did not discuss his request for a window or the fact that he had claustrophobia with the owners of the company, despite having several opportunities to do so. Turco also stated that he did not approach Zambelli's human resources personnel, Ms. McStay, to discuss his condition.

His reluctance to even discuss his condition necessarily resulted in Turco making no efforts to assist in the search for an appropriate reasonable accommodation. Turco's uncontradicted testimony establishes that he worked at the new office less than 9 days. He did not speak to a medical professional about what other strategies he could use to cope with his claustrophobia nor did he provide that information to Zambelli.

Instead, Turco made one demand, long before the move ever occurred, and that demand was that he be given an office with a window. In addition, Turco immediately disregarded Ms. McStay's suggestion of moving his desk to the large, open work area and he did not make any effort to located and use the available walking trail as she suggested. Turco further testified that he never made any effort to listen to music or news broadcasts on his work computer – which the record is abundantly clear – was permitted by Zambelli's policy to see if doing so would make his condition more manageable in his new office at the Warrendale location.

"The ADA . . . is not intended to punish employers for behaving callously if, in fact, no accommodation for the employee's disability could reasonably have been made." *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 316 (3d Cir. 1999). An "employer[ is] not obligated under the ADA to provide a disabled employee every accommodation on his wish list." *Dey v. Milwaukee Forge*, 957 F.Supp. 1043, 1054 (E.D. Wis. 1996). In fact, an employer is not obligated to provide an employee with their requested accommodation at all. *See*, *Sessoms v. Trustees of University of Pennsylvania*, 739 Fed.Apx.84 (3d 2018); *see also Gardner v. SEPTA*, 410 F.Supp.3d 723 (E.D. Pa. 2019). Third Circuit courts routinely find no discrimination when an employer does not grant the employee's requested accommodation. *Id*.

Moreover, "nothing in the [ADA] leads [the Third Circuit] to conclude that in enacting the disability acts, Congress intended to interfere with personnel decisions within an organizational hierarchy." *Gaul v. Lucent Tech., Inc.*, 134 F.3d 576, 581 (3d Cir. 1998) (quotation and citation omitted). In fact, "[e]ven if the employer's business decisions are erroneous or illogical, the ADA, . . . is not a vehicle for reviewing the propriety of business decisions." *Brown v. Holy Name Chtrch*, 80 F. Supp. 2d 1261, 1270 (D. Wyo. 2000).

5

On its face, Turco's request for an office with a window was not a request for an accommodation; but rather, was a request to undue Zambelli's business decision. Zambelli made the business decision to awarded another project manager, who consistently out-performed Turco, an office with a window. Such a decision was made, not because of Turco's disability, but because Zambelli felt it important to reward its top performing project manager. Given that Zambelli offered Turco several alternative accommodations which he summarily rejected, a reasonably jury could not conclude that Zambelli did not make a good faith effort to accommodate his claustrophobia. Accordingly, judgment as a matter of law should be entered in Zambelli's favor on Turco's failure to accommodate claims under the ADA and the PHRA.

### B. Zambelli Terminated Turco for Legitimate Business Purposes and Turco has failed to Present a Legally Sufficient Evidentiary Basis to Demonstrate Pretext.[2]

Zambelli's decision to terminate Turco was based on a legitimate, non-discriminatory reasons – he was the least profitable project manager for *years* and he failed to take sufficient steps to correct his inadequate sales performance – and there is no evidence that Zambelli's reasons are a pretext for disability discrimination or retaliation. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Jones v. School Dist. Of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999). It is the plaintiff's burden to establish pretext. *Id*. With respect to the pretext question, "[a]t this point, the court focuses on whether there is sufficient evidence from which a jury could conclude that the purported reasons for defendant's adverse employment actions were in actuality a pretext for intentional discrimination." *Shaner v. Synthes*, 204 F.3d 949, 500 (3d Cir. 2000).

---

[2] Section III(B) addresses Plaintiff's remaining claims, Counts I, II, IV, and V. *See*, Dkt. 21, ¶¶ 44-51; ¶¶ 58-65.

At trial, Turco's arguments for pretext have all been dismantled, leaving him only with his self-serving claims that his termination was related to his claustrophobia. The uncontradicted evidence established Turco was consistently one of the least profitable project managers in the company. For years, Zambelli was concerned with its project manager's profitability numbers and those concerns were communicated directly to Turco. Turco himself stated that he understood he needed to make changes in regards to his sales practices and profitability numbers. After ample opportunity to implement the changes that were expected of him, Turco was terminated. He has failed to present evidence to contradict the legitimacy of Zambelli's stated reasons for terminating him.

In light of the foregoing, "there is [not] sufficient evidence from which a jury could conclude that the purported reasons for defendant's adverse employment actions were in actuality a pretext for intentional discrimination." *Shaner*, 204 F.3d at 500. As a result, Turco's ADA and PHRA claims for termination should be dismissed as a matter of law.

### IV.   CONCLUSION

In sum, Turco has failed to demonstrate that Zambelli has discriminated against him in violation of the ADA or PHRA in any way and judgment as a matter of law should be entered in Zambelli's favor on all of Turco's claims.

Date: September 29, 2021                    Respectfully submitted,

                                                 METZ LEWIS BRODMAN MUST O'KEEFE LLC

                                                 By:   */s/ Manning J. O'Connor II*
                                                 Manning J. O'Connor II (PA I.D. No. 38983)
                                                 Alison R. Viola (PA I.D. 324768)
                                                 535 Smithfield Street, Suite 800
                                                 Pittsburgh, PA 15222
                                                 (412) 918-1100
                                                 (*Counsel for Defendant*)