IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. TURCO, | Civil Action |
| Plaintiff, | No. 2:19-cv-00174-CCW |
| v. | Judge Christy Criswell Wiegand |
| ZAMBELLI FIREWORKS MANUFACTURING CO., | |
| Defendant. | |

**PETITION FOR ATTORNEYS' FEES AND EXPENSES**

Plaintiff, Robert J. Turco, by his undersigned counsel, files this Petition for Attorneys' Fees and Expenses, and in support states the following:

1. This is an action brought by Plaintiff under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951 *et seq.*

2. On October 1, 2021, a jury returned a verdict, finding that Defendant failed to make a reasonable accommodation to Mr. Turco's disability, and awarding Mr. Turco $15,000 in compensatory damages. The same day, this Court entered judgment in Plaintiff's favor in the amount of $15,000.

3. As such, and as further explained in the contemporaneously filed Brief in Support of this Petition, Mr. Turco is a "prevailing party" within the meaning of 42 U.S.C. § 12205 and 43 Pa. Stat. § 962(c.2).

4. As a "prevailing party," Mr. Turco petitions the Court for an award of attorneys' fees.

5. Given that Mr. Turco did not prevail on his claims regarding his termination by Defendant, his counsel have reduced their invoices in three significant respects: (1) they have removed charges for any work associated solely with the termination-based claims; (2) they have

removed charges for work that did not meaningfully contribute to the success of this case, such as administrative tasks for all attorneys, and duplicative tasks involving associate attorneys earlier in the case; and (3) after removing the foregoing two categories, they further have applied an across-the-board reduction of 25% to all remaining trial and pretrial work performed in the case. This results in a total reduction of approximately 29%.

6.  As set forth in the accompanying Brief in Support, the above reductions, and no further reductions, are appropriate under applicable law when a party prevails on some claims but does not prevail on other claims sharing a "common core of facts" with the prevailing claims.

7.  Additionally, Plaintiff seeks an award of costs pursuant to 28 U.S.C. § 1920 and/or expenses pursuant to 42 U.S.C. § 12205 and 43 Pa. Stat. § 962(c.2). As set forth in the accompanying Brief in Support, all costs/expenses in this matter were reasonably necessary to the prosecution of the case.

8.  In support of this Petition, Plaintiff's counsel offers the following evidence:

a. Declarations of the attorneys for whom an award of fees is sought and affidavits or declarations of attorney peers in the Western District of Pennsylvania who attest that the rates sought by the foregoing attorneys are reasonable and within the community market rate for attorneys of their skill and experience.

    i.  **Mr. Spear**

Mr. Spear offers his own Declaration (Exhibit 1), setting forth his normal and current billing rate of $450 per hour and attesting to the reasonableness of his requested rate of $450 per hour.

In addition to his own Declaration, Mr. Spear also offers the Affidavits or Declarations of attorneys Charles A. Lamberton, James B. Lieber, and Colleen E. Ramage, all of whom have

affirmed that Mr. Spear's requested rate of $450 per hour is fair and reasonable for him and is well within the prevailing market rate for an attorney with his skill, experience and reputation. The Affidavits or Declarations of Mr. Lamberton, Mr. Lieber and Ms. Ramage are attached as Exhibits 6, 7 and 8, respectively.

### ii. Ms. Elzer

Ms. Elzer offers her own Declaration (Exhibit 2), setting forth her normal and current billing rate of $400 per hour and attesting to the reasonableness of her requested rate of $400 per hour.

In addition to her own Declaration, Ms. Elzer also offers the affidavits or declarations of attorneys Charles A. Lamberton, Samuel J. Cordes, and Nicole Daller, all of whom have affirmed that Ms. Elzer's requested rate of $400 per hour is fair and reasonable for her and is well within the prevailing market rate for an attorney with her skill, experience and reputation. The Affidavits or Declarations of Mr. Lamberton, Mr. Cordes and Ms. Daller are attached as Exhibits 6, 9 and 10, respectively.

### iii. Mr. Kennedy

Mr. Kennedy offers his own Affidavit (Exhibit 3), setting forth his normal and current billing rate of $295 per hour and attesting to the reasonableness of his requested rate of $295 per hour.

In addition to his own Affidavit, Mr. Kennedy also offers the Affidavits of attorneys Andrew J. Horowitz and Nikki Velisaris Lykos, each of whom have affirmed that Mr. Kennedy's requested rate of $295 per hour is fair and reasonable for him and is well within the prevailing market rate for an attorney with his skill, experience and reputation. The Affidavits of Mr. Horowitz and Ms. Lykos are attached as Exhibits 11 and 12, respectively.

### iv.     Ms. McElroy

Ms. McElroy offers her own Affidavit (Exhibit 4), setting forth her normal and current billing rate of $350 per hour and attesting to the reasonableness of her requested rate of $295 per hour.

In addition to her own Affidavit, Ms. McElroy also offers the Affidavits of Attorneys Andrew J. Horowitz and Nikki Velisaris Lykos, each of whom have affirmed that Ms. McElroy's requested rate of $295 per hour is fair and reasonable for her and is well within the prevailing market rate for an attorney with her skill, experience and reputation.  The Affidavits of Mr. Horowitz and Ms. Lykos are attached as Exhibits 11 and 13, respectively.

### v.     Ms. Van Hausen

Ms. Van Hausen offers her own Declaration (Exhibit 5), setting forth her normal and current billing rate of $175 per hour and attesting to the reasonableness of her requested rate of $125 per hour.

In addition to her own Declaration, Ms. Van Hausen also offers the Affidavit of Attorney Andrew J. Horowitz, who has affirmed that Ms. Van Hausen's requested rate of $125 per hour is fair and reasonable for her and is well within the prevailing market rate for an attorney with her skill, experience and reputation.  The Affidavit of Mr. Horowitz is attached as Exhibit 11.

b.     Exhibits to the Declarations of Mr. Spear and Ms. Elzer in the form of Invoices for Minto Law Group, LLC and Elzer Law Firm, LLC, setting forth the reasonable and necessary time spent by each attorney at the respective firms and the amount sought for such time, with the reductions described in Paragraph 5 above, and evidence of the expenses incurred in this matter.

    i. Attached as Exhibit A to Exhibit 1 is Minto Law Group's Invoice on this matter, which includes and details the tasks and number of hours worked by attorneys David Spear, Nick Kennedy and Rachel McElroy, and the expenses incurred by the firm in this action. Mr. Spear was lead counsel on this case and has worked on the case for the past 3.5 years. The other two associate attorneys who worked on the case each did so at different points in the litigation; and

    ii. Attached as Exhibit E to Exhibit 2 is Elzer Law Firm's Invoice on this matter, which includes the details and tasks and number of hours worked by attorneys Christine Elzer and Tamra Van Hausen.

9. As supported by the above evidence and the applicable law set forth in the accompanying Brief in Support, Plaintiff seeks an award of $270,887.05 in attorneys' fees and $12,461.05 in expenses.

WHEREFORE, Plaintiff respectfully requests that this Court award in favor of Plaintiff and against Defendant in the amount of $270,887.05 in attorneys' fees, and $12,461.05 in costs and expenses.

Respectfully submitted,

| ELZER LAW FIRM, LLC | MINTO LAW GROUP, LLC |
|---|---|
| s/ Christine T. Elzer | s/ David B. Spear |
| Christine T. Elzer | David B. Spear |
| Pa I.D. No. 208157 | Pa. I.D. No. 62133 |
| 100 First Avenue, Suite 1010 | 603 Stanwix Street, Suite 2025 |
| Pittsburgh, PA 15222 | Pittsburgh, PA 15222 |
| (412) 230-8436 | Cell: (412) 889-2470 |
| celzer@elzerlaw.com | dspear@mintolaw.com |
| | |
| Counsel for Plaintiff | Counsel for Plaintiff |